**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn; PEGGY ANN GUINN, individually ; PEGGY ANN GUINN, as parent and next friend of C. R. G., a minor; and CANDACE LEANN GUINN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GREAT WEST CASUALTY COMPANY, CRST VAN EXPEDITED, INC., and CEDAR CAPITAL, L. L. C., | ) ) ) ) | NO. CIV-09-1198-D |
| Defendants, | ) ) | |
| and | ) ) | |
| O. K. TRANSPORTATION INDUSTRIES, INC., | ) ) ) | |
| Intervenor Plaintiff, | ) ) | |
| vs. | ) ) | |
| CRST VAN EXPEDITED, INC., | ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Motion for Partial Summary Judgment [Doc. No. 31] filed by Defendant CRST Van Expedited, Inc. ("CRST"). Plaintiffs timely responded to the motion, and CRST filed a reply.

I. Background:

Plaintiffs' claims are based on the death of George Robert Guinn ("Mr. Guinn") in an October 24, 2007 traffic accident involving the semi-tractor trailer he was driving and a semi-tractor

trailer driven by Quinton Moore, an employee of CRST. Peggy Ann Guinn ("Mrs. Guinn") is Mr. Guinn's surviving spouse and the administrator of his estate. In her capacity as administrator, Mrs. Guinn asserts a wrongful death claim under Oklahoma law,[1] and claims based on negligence and negligent entrustment. She seeks both actual and punitive damages.

In addition to asserting claims as administrator, however, Mrs. Guinn also sues in her individual capacity as Mr. Guinn's surviving spouse, and seeks damages in that capacity on the same claims she asserts as administrator. Additionally, Mrs. Guinn asserts those claims in her capacity as parent and next friend of Mr. and Mrs. Guinn's minor child, C. R. G. The damages sought on behalf of C.R.G. are based on grief, deprivation of companionship, destruction of the parent-child relationship, and economic losses. In addition to the foregoing claims, the Guinns' adult daughter, Candace Leann Guinn ("Candace Guinn"), asserts the same causes of action and seeks damages based on her personal grief, deprivation of companionship, destruction of the parent-child relationship, and economic losses.

CRST's motion does not address the merits of the wrongful death or negligence claims, nor does it challenge the factual allegations in the Complaint. Instead, CRST argues that, under Oklahoma law, the only proper plaintiff in this action is Mrs. Guinn in her capacity as administrator of the estate. It argues that an Oklahoma wrongful death action may only be brought by the administrator, who is the only real party in interest. Accordingly, CRST contends the Court should strike the separate claims brought by Mrs. Guinn individually and on behalf of her minor child, as well as the claim brought by Candace Guinn in her individual capacity. CRST does not challenge Mrs. Guinn's status as administrator or her right to recover damages if she prevails on the claims

---

[1] The parties agree that Oklahoma law governs this action.

asserted; nor does it challenge the rights of Candace Guinn and C. R. G. to recover damages if those claims are successful. Instead, it argues that the only proper plaintiff is Mrs. Guinn in her capacity as administrator because the other plaintiffs need not be named in order to recover the damages sought; thus, it argues the only real party in interest is Mrs. Guinn, as administrator.

In response, the Plaintiffs argue that Oklahoma law is not intended to bar claims asserted by individual plaintiffs in a single wrongful death action. Instead, they contend the law is intended only to bar a multiplicity of suits based on the same wrongful death allegations.

II. Summary judgment standards:

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Whether a real party in interest challenge is properly raised in a summary judgment motion is doubtful, and CRST offers no authority in which the issue was adjudicated in that manner. However, "[t]he federal rules do not contain a specific procedure for raising an objection that plaintiff is not the real party in interest. Nor do they indicate when the challenge should be made." 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1554 (3d ed. 2010). It seems "logical to allow the objection to be raised by a preliminary motion when it may result in a dismissal of the action if the real party in interest cannot be joined or substituted." *Id.; see also Shank v. Naes*, 102 F. R. D. 14, 17 (D. Kan. 1983). In this case, however, substitution of a party is not requested, as CRST does not challenge the real party in interest status of Mrs. Guinn as administrator of Mr. Guinn's estate. Instead, it argues that too many parties have been joined.

3

It does not seek judgment on the merits of the claims of the allegedly improper parties, as it contends those claims may be pursued by the administrator of Mr. Guinn's estate. Accordingly, the Court concludes that CRST's motion is not properly characterized as one seeking judgment pursuant to Fed. R. Civ. P. 56; instead, it seeks the dismissal of additional parties without dismissing the claims which may be asserted on their behalf by the administrator. The Court will consider the issue in that context.

III. Application:

Pursuant to the Federal Rules of Civil Procedure, an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The 'real party in interest' principle requires that an action 'be brought in the name of the party who possesses the substantive right being asserted under the applicable law.'" *Esposito v. United States*, 368 F. 3d 1271, 1273 (10th Cir. 2004) (quoting 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1541 at 321 (2d ed. 1990)). Rule 17(a) also designates certain categories of individuals as real parties in interest who may bring claims on behalf of others; the Rule provides:

> The <u>following may sue in their own names without joining the person for whose benefit the action is brought:</u>
>
> (A) an <u>executor</u>;
> (B) an <u>administrator</u>;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
> (G) <u>a party authorized by statute</u>.

Fed. R. Civ. P. 17(a)(1)(emphasis added). Thus, under the express language of Rule 17(a), an administrator may bring an action without joining the parties for whose benefit it is brought.

4

Oklahoma's real party in interest statute also expressly provides that, where an executor or administrator is authorized to bring an action, he "may sue in his own name without joining with him the party for whose benefits the action is brought." Okla. Stat. tit. 12 § 2017(A).

Furthermore, Oklahoma's wrongful death statute expressly authorizes an administrator to bring a wrongful death action seeking damages on behalf of both the estate and the decedent's survivors:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter...if the former might have maintained an action, had he or she lived, against the latter...for an injury for the same act or omission.

Okla. Stat. tit. 12 § 1053(A). The statute also defines the damages that may be recovered by the personal representative in a wrongful death action:

> The damages recoverable in actions for wrongful death as provided in this section shall include the following: Medical and burial expenses, which shall be distributed to the person or governmental agency...who paid these expenses, or to the decedent's estate if paid by the estate.
>
> The loss of consortium and the grief of the surviving spouse, which shall be distributed to the surviving spouse.
>
> The mental pain and anguish suffered by the decedent, which shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent.
>
> The pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life, which must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, and shall be distributed to them according to their pecuniary loss.
>
> The grief and loss of companionship of the children and parents of the decedent, which shall be distributed to them according to their grief and loss of companionship.

Okla. Stat. tit. 12 § 1053(G). Thus, the damages which may be recovered are not limited to those

incurred by the decedent's estate; the statute also permits damages to be recovered on behalf of the surviving spouse and children in a single lawsuit. The statute also permits recovery of punitive damages in proper cases, and provides that, where "the recovery is to be distributed according to a person's pecuniary loss or loss of companionship, the judge shall determine the proper division." *Id.* at §§ 1053(C) and (D).

Pursuant to the foregoing Oklahoma statutes, Mrs. Guinn, as the administrator of Mr. Guinn's estate, is authorized to bring this action and to seek recovery of damages on behalf of both the estate and the survivors. Therefore, pursuant to Fed. R. Civ. P. 17(a), she is the real party in interest who may assert claims and seek damages on behalf of the individual survivors without naming those survivors as additional plaintiffs. CRST does not contend that she is prohibited from recovering damages on behalf of her children or those attributable to her status as surviving spouse; it argues only that the additional survivors are prohibited from joining as plaintiffs in this lawsuit.

According to the Oklahoma courts' interpretation of the wrongful death statute, all persons who may be entitled to share in the proceeds of a wrongful death action are not authorized to file that action. "A wrongful-death claim may be pressed *only* by persons authorized to bring it." *Ouellette v. State Farm Mut. Automobile Ins. Co.*, 918 P. 2d 1363, 1366 (Okla. 1994) (emphasis in original). "By force of § 1053(A), the action may be brought by the personal representative of the decedent, but if none has been appointed, then by the widow, or where there is no widow, by the decedent's next of kin." *Id.* (citing Okla. Stat. tit. 12 § 1054). Furthermore, "[t]here can be *only one wrongful-death claim and one recovery*" where a decedent leaves both a surviving widow and children. *Ouelette*, 918 P. 2d at 1367 (emphasis in original). "[B]ecause only the authorized representative of a decedent's estate may prosecute a wrongful death action under § 1053(A)," a

6

decedent's survivor "is statutorily prohibited from bringing any action on her own." *Socia v. Traditions, Inc.*, 109 P. 3d 359, 361 (Okla. Civ. App. 2005)(citing *Ouelette*, 918 P. 2d at 1366). Instead, the survivor may assert a claim for a share of the proceeds of the administrator's successful wrongful death action; that claim is to be asserted in the "post-recovery phase" of the action, in which the Court determines the apportionment of the damages under § 1053(D). *Id.* at 363; *see also Plain v. Murphy Family Farms*, 296 F. 3d 975, 978-79 (10th Cir. 2002) (applying Oklahoma law).

The Court concludes that, in this case, Mrs. Guinn as administrator of the estate is the only proper party to assert an action under Oklahoma's wrongful death statute. She may, of course, seek recovery of damages on behalf of those entitled to recover under the statute, including her personal damages as the surviving spouse as well as damages on behalf of C. R. G. and Candace Guinn. No other parties are authorized, under Oklahoma law, to prosecute a wrongful death action.

Plaintiffs are correct in their assertion that the purpose of the real party in interest rule is to protect defendants against multiple lawsuits based on the same factual allegations and to ensure finality of judgments. *See* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane *Federal Practice and Procedure* § 1541 at 465 (3d ed. 2010). The Rule is to be liberally construed to allow substitution of the real party in interest where the original party does not qualify. *Id.* at 465-66. That is not, however, the issue in this case because Mrs. Guinn is the real party in interest. Plaintiffs offer no authority to support a contention that Rule 17(a) permits additional parties who may have an interest in the litigation but are not authorized to pursue it under the law of the forum.

IV. Conclusion:

For the foregoing reasons, the Court concludes that Mrs. Guinn in her capacity as administrator of Mr. Guinn's estate is the real party in interest in this action, and is the only proper

plaintiff. The other plaintiffs are not proper parties, and are dismissed. However, their dismissal does not preclude their right to share in recovery of any damages that may be awarded as a result of this action; the administrator may assert their claims to damages as provided by the Oklahoma statute; if she prevails on the asserted claims, the apportionment of damages will be considered by the Court at the appropriate time. CRST's motion [Doc. No. 31], construed only as a motion seeking dismissal of parties but not the dismissal of any clams for damages, is GRANTED, subject to the foregoing limitations.

IT IS SO ORDERED this 27th day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE