# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn; PEGGY ANN GUINN, individually ; PEGGY ANN GUINN, as parent and next friend of C. R. G., a minor; and CANDACE LEANN GUINN, <br><br>   Plaintiffs, <br><br> vs. <br><br> GREAT WEST CASUALTY COMPANY, CRST VAN EXPEDITED, INC., and CEDAR CAPITAL, L. L. C., <br><br>   Defendants, <br><br> and <br><br> O. K. TRANSPORTATION INDUSTRIES, INC., <br><br>   Intervenor Plaintiff, <br><br> vs. <br><br> CRST VAN EXPEDITED, INC., <br><br>   Defendant. | NO. CIV-09-1198-D |

**O R D E R**

Before the Court is the motion for partial summary judgment [Doc. No. 36] of Defendant Cedar Capital, L. L. C. ("Cedar Capital"). Plaintiffs timely responded to the motion, and Cedar Capital filed a reply.

I. Background:

Plaintiffs' claims are based on the death of George Robert Guinn ("Guinn") in an October 24, 2007 traffic accident involving the semi-tractor trailer he was driving and a semi-tractor trailer

driven by Quinton Moore ("Moore"). Plaintiffs allege Moore was employed by Defendant CRST Van Expedited, Inc.("CRST") at the time of the accident. Peggy Ann Guinn ("Mrs. Guinn") is Guinn's surviving spouse and the administrator of his estate.[1] Plaintiffs assert a wrongful death claim under Oklahoma law[2] against all defendants, alleging the accident was caused by Moore's negligent operation of his vehicle. Plaintiffs seek to hold each defendant liable, asserting each had a legal relationship which renders it liable for Moore's negligence.

Plaintiffs' wrongful death allegations against Cedar Capital are based on its status as owner of the vehicle driven by Moore. In addition, they assert negligent entrustment claims against both Cedar Capital[3] and CRST, and allege that Cedar Capital is an "affiliate" of CRST. *See* Complaint ¶15. Plaintiffs allege Cedar Capital "negligently entrusted the operation and/or transportation of its tractor and/or trailer to CRST and/or Moore." Complaint ¶¶ 22 and 33. Plaintiffs also allege that Cedar Capital leased the tractor and/or trailer to CRST, that it was negligent in failing to investigate and choose a competent lessee, and that it "knew or should have known of the unsafe business practices of Moore and CRST." *Id.* at ¶¶ 32, 34 and 35.

---

[1]Mrs. Guinn asserts claims in her capacity as administrator, in her individual capacity as surviving spouse, and on behalf of her minor child; Candace Leann Guinn, the Guinns' adult daughter, asserts claims on her own behalf. CRST has filed a motion for partial summary judgment on all claims except those asserted by Mrs. Guinn as administrator; that motion is addressed in a separate order.

[2]The parties agree that Oklahoma law governs this action.

[3]The Complaint also alleges that "CRST and/or Cedar Capital failed to maintain a safe and proper tractor and/or trailer." Complaint ¶¶ 21(h) and 36. However, Plaintiffs do not dispute the factual statement in Cedar Capital's summary judgment motion that, pursuant to the applicable lease agreement, it was not responsible for comprehensive maintenance of the semi-tractor trailer at the time of the accident. Response brief, at p. 3. Furthermore, Plaintiffs' response brief fails to assert any argument regarding Cedar Capital's alleged failure to maintain the vehicle. As a result, the allegations that Cedar Capital failed to properly maintain the vehicle are deemed no longer at issue and are not addressed herein.

In its motion, Cedar Capital admits that it owns the semi tractor-trailer driven by Moore. It contends that it is engaged in the business of renting and leasing motor vehicles and that it leased the semi tractor-trailer to Peter Huerta ("Huerta") and not to CRST. Cedar Capital argues that, as a commercial lessor, it cannot be liable as a matter of law because Plaintiffs' claims are preempted by federal law. Plaintiffs contend the federal statute on which Cedar Capital relies does not preempt their common law claims of wrongful death, negligence, or negligent entrustment. They also argue a statutory exception applies to these facts.

## II. Summary judgment standards:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, a plaintiff must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for the plaintiff. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

If the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the movant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322. However, a defendant need not disprove a plaintiff's claim; it must only point to "a lack of evidence" on an essential element of that claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998). The burden then shifts to the plaintiff to go beyond the pleadings and present facts, admissible in evidence, from which a rational trier of fact could find for her; conclusory arguments are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits

incorporated therein, and it is not the Court's responsibility to attempt to find evidence which could support a plaintiff's position. *Id.* at 671-72.

Whether a state law claim is preempted by federal law presents only a legal question for the Court. *Watters v. Wachovia Bank, N.A.*, 550 U.S.1, 20 (2007); *Dobbs v. Anthem Blue Cross & Blue Shield*, 475 F. 3d 1176, 1177 (10th Cir. 2007). Accordingly, if the Court concludes that a state law claim is preempted, summary judgment is appropriate as to that claim. *See, e.g., Allison v. UNUM Life Ins. Co. of America*, 381 F. 3d 1015, 1025 (10th Cir. 2004).

III. The record before the Court:

The parties' briefs reflect there are no factual disputes material to Cedar Capital's preemption argument. Plaintiffs do not dispute that Cedar Capital is engaged in the business of renting and leasing motor vehicles throughout the United States. It is not disputed that Cedar Capital is the titled owner of the semi tractor-trailer operated by Moore at the time of the subject accident. A copy of the certificate of title is submitted as Cedar Capital Exhibit 2. It is also undisputed that Cedar Capital leased the semi tractor-trailer to Peter Huerta in September of 2006; a copy of lease agreement, which remained in effect at the time of the 2007 accident, is submitted as Cedar Capital Exhibit 3.

The parties also agree the accident occurred on Interstate 40 in Seminole County, Oklahoma on October 24, 2007. Plaintiffs allege that Moore entered the eastbound lane of the highway without yielding the right of way; Guinn, who was also traveling eastbound on the highway, collided with Moore's vehicle. Both Guinn and Moore were driving semi tractor-trailer vehicles.

The only material dispute reflected in the parties' briefs arises from Cedar Capital's factual contention that Plaintiffs have not, and cannot, allege a direct negligence claim against it under the facts of this case. In response, Plaintiffs argue Cedar Capital is potentially liable for negligent entrustment, a claim they contend is not preempted by federal law, and creates a disputed factual

4

issue. Cedar Capital argues in reply that the evidence on which Plaintiffs rely is insufficient as a matter of law to support a negligent entrustment claim against Cedar Capital.

III. Application:

Cedar Capital argues that it cannot be liable to Plaintiffs because 49 U. S. C. § 30106, known as the "Graves Amendment," precludes the liability of a commercial motor vehicle lessor for injury resulting from the operation of the leased vehicle. It also argues the Graves Amendment preempts Plaintiffs' claims based on Oklahoma's wrongful death statute and common law torts.

The Graves Amendment provides in pertinent part:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U. S. C. § 30106(a). Cedar Capital argues the express statutory language preempts the causes of action asserted against it in this action.

Federal preemption of state laws is derived from the Supremacy Clause of the United States Constitution; if federal and state laws conflict, the federal law preempts the state law. U.S. Const. art. VI, cl. 2. The Supreme Court has recognized three types of preemption: 1) "express preemption," which exists when Congress has expressly stated that a federal law will preempt state law, *see English v. General Electric Co.*, 496 U.S. 72, 78-79 (1990); 2) "field preemption," which occurs when Congress has expressed its intent that federal law will exclusively occupy an entire field of regulation, *Id.*; and 3) "conflict preemption," which arises when "it is either impossible for

5

a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Sprietsma v. Mercury Marine*, 537 U.S. 51, 64 (2002).

Cedar Capital argues the Graves Amendment expressly preempts state law because it states that a vehicle owner leasing a vehicle "shall not be liable under the law of any State or political subdivision thereof," for harm resulting from that vehicle's use or operation. 49 U. S. C. § 30106(a). Whether a federal statute satisfies the requirements for express preemption is determined by initially examining the "plain language of the federal statute." *Chamber of Commerce v. Edmondson*, 594 F. 3d 742, 765 (10th Cir. 2010) (citing *Sprietsma*, 537 U. S. at 62-63).

As Cedar Capital acknowledges, the Tenth Circuit Court of Appeals has not interpreted the Graves Amendment, nor has any Oklahoma federal or state court considered its potential preemptive impact on state law. However, courts considering the issue have uniformly held the statutory language constitutes an express preemption of state laws. *See*, *e. g., Carton v. General Motor Acceptance Corp.*, 611 F. 3d 451, 457 (8th Cir. 2010); *Green v. Toyota Motor Credit Corp.,* 605 F. Supp. 2d 430, 434 ( E. D. N. Y. 2009); *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F. 3d 1242, 1253 (11th Cir. 2008), *cert. denied,* __ U. S. __, 129 S. Ct. 1369 (2009); *Cates v. Hertz Corp.*, 347 F. App'x 2, 6 (5th Cir. 2009) (unpublished opinion) (citing *Garcia*, 540 F. 3d at 1253); *Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341, 346 (W. D. N. Y. 2008); *Dupuis v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980 (M. D. Fla. 2007); *Johnson v. Agnant*, 480 F. Supp. 2d 1, 5 (D. D. C. 2006).

The Court agrees that the "plain language" of the statute constitutes an express preemption of state law claims; accordingly, such claims are preempted if the other requirements of the Graves Amendment are satisfied. Plaintiffs do not, in fact, argue that the Graves Amendment does not

expressly preempt state law. Instead, they argue preemption does not apply in this case because they assert only common law claims, rather than strict liability or statutory claims, against Cedar Capital. Alternatively, they contend their negligent entrustment claim against Cedar Capital constitutes a direct negligence claim which is not preempted.

Plaintiffs offer no authority to support their contention that express preemption is inapplicable to common law claims. Contrary to their argument, however, express federal preemption may reach "beyond positive enactments, such as statutes and regulations, to embrace common-law duties." *Bates v. Dow Agrosciences, LLC*, 544 U. S. 431, 443 (2005); *Geier v. American Honda Motor Co.* 529 U.S. 861, 873 (2000); *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992). The few courts considering the issue have held the Graves Amendment "preempts all state statutory and common law" vicarious liability schemes. *Garcia v. Vanguard Car Rental USA, Inc*, 510 F. Supp. 2d 821, 829 (M.D. Fla. 2007), *aff'd,* 540 F. 3d 1242 (11th Cir. 2008); *Johnson v. Alamo Financing, L. P.*, 2009 WL 4015572, at * 2 (M. D. Fla. Nov. 19, 2009) (unpublished opinion); *see also Jasman v. DTG Operations, Inc.*, 533 F. Supp. 2d 753, 757 (W. D. Mich. 2008).

Accordingly, the Court finds the Graves Amendment preempts both state statutory and common law causes of action, if the amendment's other requirements are satisfied. Those requirements are: 1) the vehicle owner is engaged in the trade or business of renting or leasing motor vehicles; and 2) there is no negligence or criminal wrongdoing on its part or that of its affiliate, if any. 49 U. S. C. § 30106(a)(1) and (2).

Plaintiffs agree the initial statutory requirement is satisfied, as they do not dispute that Cedar Capital was engaged in the business of leasing motor vehicles. They also agree the second requirement is partially satisfied, as they do not allege that Cedar Capital engaged in criminal wrongdoing. Thus, the question is whether, under the undisputed facts of this case, Plaintiffs have

7

asserted an actionable direct negligence claim against Cedar Capital; if so, preemption is inapplicable pursuant to 49 U.S.C. § 30106(a)(2).

Section 30106(a)(2) has been described as "a savings clause which allows an owner of a leased vehicle to be found directly liable for the owner's negligence or criminal wrongdoing"; however, the clause is "rarely applicable and should be cautiously applied in light of Congress' clear intent to forestall suits against vehicle leasing companies." *Carton v. General Motor Acceptance Corp.*, 611 F. 3d 451, 457 (8th Cir. 2010). (citing *Dubose v. Transport Enterprise leasing, LLC*, 2009 WL 210724, at *4 (M.D. Fla. Jan. 27, 2009) (unpublished opinion)).

Plaintiffs do not argue that their wrongful death claim is excluded from the preemptive language of the Graves Amendment. Instead, they argue only that their negligent entrustment claim against Cedar Capital[4] is not preempted because that claim constitutes a direct negligence claim.

Although Plaintiffs discuss at length the elements of negligent entrustment and Oklahoma court decisions applying those elements, they do not submit any authority supporting their contention that negligent entrustment is among the claims excluded by § 30106(a)(2). The Court has independently researched the issue, but has located few decisions which addresses the statute's application to a negligent entrustment claim.

In *Dubose*, *supra*, the court construed § 30106(a)(2), and expressly held that a negligent entrustment claim is preempted. *Dubose*, 2009 WL 210724, at *4. According to the court, "unless a State specifically imposes a legal duty on lessors to ensure that their lessees maintain adequate

---

[4]As explained in note 3, *supra*, the Complaint also alleges that Cedar Capital and/or CRST were negligent in failing to properly maintain the semi-tractor trailer driven by Miller at the time of the accident; however, Plaintiffs have admitted Cedar Capital's factual statement that, pursuant to the lease agreement, it was not responsible for comprehensive maintenance of the vehicle at the relevant time. They also fail to address this allegation in their response. Because Plaintiffs are no longer pursuing this claim against Cedar Capital, whether it is preempted by the Graves Amendment need not be considered.

8

insurance or to ensure that their lessees have adequate driving records, § 30106(a)(2) only appears to apply to claims predicated on criminal wrongdoing and negligent maintenance claims." *Id.*

In contrast, the court in *Askew v. R & L Transfer*, 676 F. Supp. 2d 1298, 1305 (M. D. Ala. 2009), found a negligent entrustment claim was not preempted where the plaintiff alleged the purportedly negligent lessee was an "affiliate" of the lessor.[5] The court found that, while the Graves Amendment normally shields a lessor from claims based on its lessee's negligence, that result does not apply if the plaintiff can establish the lessee was an "affiliate" of the lessor within the meaning of the statute. *Id.* The plaintiff presented evidence regarding the allegedly common control of the lessee and lessor, and the court concluded that evidence was sufficient to create a factual dispute regarding the lessee's status as an affiliate, thus precluding summary judgment. *Id.* at 305-06.

In *Muller v. Gilliard*, 2010 WL 245567 (N.Y. Sup. Ct. May 26, 2010) (unpublished opinion), the court also found a negligent entrustment claim was not preempted. However, it granted the lessor's summary judgment motion because the facts in evidence were insufficient to support a negligent entrustment claim against the lessor. The driver who allegedly caused the accident was not the lessee and was not known to the lessor, and there was no evidence the lessor had actual or constructive knowledge that its lessee had a propensity to use leased vehicles in an improper or dangerous fashion. Thus, the evidence failed to create a material factual dispute as to the potential liability of the lessor for negligent entrustment. 2010 WL 245567, at *2.

In *Carton*, *supra*, the Eighth Circuit discussed the *Dubose* court's decision that § 30106(a)(2) must be construed to apply only to claims of criminal wrongdoing or negligent maintenance.

---

[5]An "affiliate" is defined as a " person other than the owner that directly or indirectly controls, is controlled by, or is under common control with the owner. In the preceding sentence, the term 'control' means the power to direct the management and policies of a person whether through ownership of voting securities or otherwise." 49 U. S. C. § 30106(d)(1).

9

Although it expressly disagreed the clause should be construed so narrowly and found negligent entrustment claims were not preempted, the Eighth Circuit held that the negligent entrustment claim at issue failed because the plaintiff did not allege any facts to show the lessor had knowledge that its lessee's driving posed "some unreasonable risk of physical harm to others." *Carton*, 611 F. 3d at 458-59.

Having reviewed the limited authority addressing this issue, the Court concludes that the Graves Amendment expressly preempts vicarious liability claims against commercial vehicle lessors. The Court further finds that, although § 30106(a)(2) should be cautiously applied to avoid conflicting with the Graves Amendment's intent to preclude the vicarious liability of commercial vehicle lessors, it does not necessarily preempt a negligent entrustment claim asserted directly against the lessor, where the allegations and evidence are sufficient to satisfy the elements of that claim. Accordingly, the question in this case is whether Plaintiffs' allegations and evidence are sufficient to render Cedar Capital potentially liable for negligent entrustment.

Under Oklahoma law, a claim of negligent entrustment requires proof that "an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others." *Pierce v. Oklahoma Property and Cas. Ins. Co.* 901 P.2d 819, 823 (Okla.1995). Liability for negligent entrustment of a vehicle may be imposed only where the following elements are established: 1) a person who owns or has possession and control of an automobile allowed another driver to operate the automobile; 2) the person knew or reasonably should have known that the other driver was careless, reckless and incompetent; and 3) an injury was caused by the careless and reckless driving of the automobile. *Green v. Harris*, 70 P. 3d 866, 871 (Okla. 2003); *see also Bennett v. Morris Farrar Truck Co.* 520 P.2d 705, 709 (Okla. Civ. App. 1974). Furthermore, the owner is liable in such cases only "for

damages caused by... recklessness or incompetence" of the driver to whom the vehicle was entrusted. *Bennett*, 520 P. 2d at 709.

In this case, the Complaint alleges that Cedar Capital "negligently entrusted the operation and/or transportation of its tractor and/or trailer to CRST and/or Moore." Complaint ¶¶ 22 and 23. It also alleges that Cedar Capital leased the vehicle to CRST, that it was negligent in failing to investigate and choose a competent lessee, and it "knew or should have known of the unsafe business practices of Moore and CRST." *Id.* at ¶¶ 32, 34, 35.

However, the undisputed facts in the record establish that Cedar Capital did not lease the vehicle to CRST or to Moore. Thus, in their response brief, Plaintiffs argue that Cedar Capital negligently entrusted the semi-trailer tractor to its lessee, Peter Huerta. They also argue the evidence shows that Huerta was training Moore as a driver at the time of the fatal accident. Plaintiffs do not dispute that Moore drove the vehicle at the time of the accident,[6] and they contend that his negligence caused the accident resulting in Guinn's fatal injuries. However, Plaintiffs fail to submit any evidence that Cedar Capital authorized Moore to drive its vehicle; in fact, Plaintiffs offer no evidence that Cedar Capital had any knowledge of Moore, and no evidence from which the Court could logically infer that Cedar Capital had reason to know that Moore was a careless, reckless, or incompetent driver; such knowledge is an essential element of a negligent entrustment claim. Plaintiffs offer no evidence from which the Court could logically infer that, when it leased the vehicle

---

[6]Plaintiffs suggest that, because incomplete logs may have been maintained in the vehicle, it is possible that Huerta was actually driving it at the time of the accident. However, their only support for this suggestion is a comment included in the report of their expert witness. Plaintiffs' Exhibit 1. Plaintiffs' speculation, without more, is insufficient to create a material fact dispute regarding the identity of the driver at the time of the accident.

to Huerta in 2006, Cedar Capital knew or should have known that Moore would be driving it on October 24, 2007.

The only evidence submitted by Plaintiffs concerns Huerta, Cedar Capital's lessee. Plaintiffs argue that there is evidence, including the report of its expert witness, showing that Huerta failed to follow certain requirements regarding log maintenance and other obligations of an interstate motor vehicle driver; they also point to the absence of some log information regarding the date of the accident at issue. *See* Plaintiffs' Exhibits 1, 3, 4. However, the exhibits submitted do not provide evidence from which the Court could infer that Cedar Capital was, or should have been, aware of those deficiencies; in fact, Plaintiffs' exhibits do not mention Cedar Capital and refer only to CRST. Although Plaintiffs argue Huerta failed to properly supervise Moore, who was a trainee at the time of the accident, they offer no argument or evidence that Cedar Capital knew or should have known that Huerta would fail to properly supervise Moore or any other potential driver of the vehicle leased more than one year before the accident. Even if the record included evidence that Huerta had previously failed to properly supervise trainees, however, Plaintiffs fail to present any evidence to suggest that Cedar Capital was aware of his previous deficiencies.

Plaintiffs also suggest that Cedar Capital had a duty to ensure that Huerta allowed only competent drivers to operate the leased equipment; they offer no authority to support that contention. In any event, as Cedar Capital points out, duties involving hiring, supervising and training of drivers are imposed on motor carriers rather than on lessors, pursuant to the Federal Motor Carrier Safety Administration Regulations, 49 C. F. R. § 390.5. That regulation requires motor carriers who lease vehicles from others to "assume complete responsibility for the operation of the equipment for the duration of the lease." *Id.* Accordingly, the regulation "imposes liability on carrier-lessees and not

12

equipment owners or lessors." *Johnson v. XTRA Lease, LLC*, 2010 WL 706037, at *4 (N. D. Ill. Feb. 24, 2010 (unpublished opinion).

In *Johnson*, defendant XTRA Lease, LLC ("XTRA") was engaged in the business of leasing semi-tractor trailers. Following an accident involving a leased trailer and the plaintiff's vehicle, the plaintiff brought claims against XTRA and others, asserting negligence and negligent entrustment claims based on XTRA's ownership of the trailer. Citing 49 C. F. R. § 390.5, the court rejected the direct negligence claim asserted against XTRA, finding that liability, if any, was limited to the lessee under the provisions of the Federal Motor Carrier Safety Administration Regulations. The plaintiff there also asserted a negligent entrustment claim arising under Illinois law.[7] Although the court did not find that claim preempted by the Graves Amendment, it held there was no evidence to support the claim. 2010 WL 7-6-37, at * 5.

In this case, Plaintiffs submit no Oklahoma authority in which a lessor was alleged to have negligently entrusted a vehicle to a lessee who later authorized a third party to drive the vehicle. Although the Court has located no Oklahoma decision considering a negligent entrustment claim in such circumstances, at least one court has considered a similar claim. *See Muller v. Gilliard*, 2010 WL 2245567 (N.Y. Sup. Ct. May 26, 2010) (unpublished opinion). In *Muller*, a negligent entrustment claim was asserted against a commercial truck lessor, Penske; as in this case, Penske's lessee later allowed another individual to drive the leased truck. Although the court held the negligent entrustment claim was not preempted by the Graves Amendment, it also held the lessor could not be liable as a matter of law on that claim:

---

[7]In Illinois, a negligent entrust claim requires proof that a lender entrusted an article "to another whom the lender knows, or should know, is likely to use it in a manner involving an reasonable risk of harm to others." *Johnson*, 2010 WL 706037, at *4 (citations omitted). Those elements are essentially the same those required by Oklahoma. *See Pierce, supra.*

13

> I[]t is not disputed that Penske did not entrust the subject truck to Gilliard, the operator of such truck. Rather, Penske leased the truck to International who in turn, entrusted it to Gilliard. The moving papers sufficiently established that Gilliard was not an employee, servant or agent of Penske or otherwise known to it. The opposing papers submitted by the plaintiffs failed to raise any question of fact regarding knowledge, actual or constructive, on the part of moving defendant Penske that its entrustee, International, had a propensity to use leased vehicles in an improper or dangerous fashion.

*Muller*, 2010 WL 2245567, at *2.[8]

Similarly, in this case Plaintiffs offer no evidence to support a claim that Cedar Capital had the requisite knowledge to render it liable for negligent entrustment. Even when the evidence is construed most liberally in favor of Plaintiffs, it is insufficient as a matter of law to support a negligent entrustment claim against Cedar Capital.

Plaintiffs' allegation that Cedar Capital is an "affiliate" of CRST does not alter this conclusion. Although the Graves Amendment does not preclude lessor liability where its lessee is an affiliate, Plaintiffs offer no evidence to support affiliation. Pursuant to the statute, an affiliate is a "person other than the owner that directly or indirectly controls, is controlled by, or is under common control with the owner." 49 U. S. C. § 30106(d)(1). "Control" is defined as "the power to direct the management and policies of a person whether through ownership of voting securities or otherwise." *Id.*

Other than their bare allegation in the Complaint, Plaintiffs offer no argument or evidence regarding the purported affiliation of Cedar Capital and CRST; there is no evidence that one of these entities controlled the other, or that they were subject to common control, as required by the statute.

---

[8]Although *Muller* involved New York law, the elements of negligent entrustment in New York "rest upon the degree of knowledge the supplier of a chattel has or should have had concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion." *Muller*, 2010 WL 2245567, at *1 (citations omitted). Oklahoma's negligent entrustment law also rests upon the knowledge of the supplier. *See Pierce,* 901 P. 2d at 823.

14

To the extent Plaintiffs seek to hold Cedar Capital liable because of its alleged affiliation with CRST, their claim must fail for lack of evidence.

IV. Conclusion:

Having reviewed the parties' arguments, the evidence in the record, and the authorities interpreting the Graves Amendment, the Court concludes that Cedar Capital is entitled to judgment. To the extent Plaintiffs assert a wrongful death action against Cedar Capital, that claim is preempted by the Graves Amendment because it seeks to hold Cedar Capital vicariously liable as a commercial lessor for the negligence of its lessee and/or a third party. To the extent Plaintiffs' negligent entrustment claim is not preempted, it fails because Plaintiffs fail to present evidence sufficient to create a material fact dispute regarding Cedar Capital's potential liability. Accordingly, Cedar Capital's motion for summary judgment [Doc. No. 36] is GRANTED.

IT IS SO ORDERED this 19th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE