# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CRST VAN EXPEDITED, INC., )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>O. K. TRANSPORTATION INDUSTRIES, INC., )<br>)<br>Intervenor Plaintiff, )<br>)<br>vs. )<br>)<br>CRST VAN EXPEDITED, INC., )<br>)<br>Defendant. ) | NO. CIV-09-1198-D |

## **O R D E R**

Before the Court are the motions in limine filed by Plaintiff [Doc. No. 107] and by Defendant CRST Van Expedited, Inc. ("CRST") [Doc. No. 119]. Intervenor O.K. Transportation Industries, Inc. ("Intervenor") has also filed a motion [Doc. No. 117] in which it joins in Propositions I, II, V, and VI of Plaintiff's motion in limine.

Plaintiff's motion seeks to exclude at trial six categories of evidence, set out as Propositions I-VI of its motion. In response, CRST does not object to Propositions II, III, IV and VI. Accordingly, the motion as to those categories is moot and need not be addressed herein.

In Proposition I of the motion, Plaintiff seeks exclusion of portions of the Oklahoma Highway Patrol ("OHP") Report prepared by the officer investigating the accident which is the

subject of this lawsuit. Plaintiff also seeks to exclude any opinion testimony by the investigating OHP officer regarding fault or liability. In its response, CRST agrees the OHP report should be excluded and that the officer should not be permitted to offer opinion testimony regarding fault or liability. CRST argues, however, that the portion of the OHP report which consists only of the diagram of the accident should be admitted. The Court agrees that the OHP officer who prepared the report may testify about the diagram and his observations reflected therein. Otherwise, the evidence is inadmissible.

In Proposition V of her motion, Plaintiff argues that evidence of George Guinn's medical condition prior to the subject accident should be excluded, including evidence that he was prescribed certain medications. CRST contends such evidence should be admitted because Mr. Guinn's prescribed medications had known side effects which include drowsiness, inattention, and dizziness; CRST contends this evidence is relevant to its contention that Mr. Guinn was fatigued or distracted at the time of the accident and that those conditions contributed to the accident. CRST argues Mr. Guinn's medical records show that he suffered from insomnia, a sleep disorder, anxiety, a mental/nervous disorder, and chronic back pain. It also argues there is evidence he provided falsified documents in connection with his Department of Transportation physical examination.

To the extent Plaintiff seeks exclusion of evidence regarding medications prescribed for Mr. Guinn at the time of the accident for the treatment of various health conditions, the motion is denied, subject to the requirement that a proper foundation must be provided for this evidence. With respect to evidence that Mr. Guinn falsified documents in connection with his physical examination, the Court reserves a ruling on the admissibility of that evidence because there is insufficient information before the Court to permit a ruling at this time.

Accordingly, the motions of Plaintiff [Doc. No. 107] and Intervenor [Doc. No. 117] as to

Proposition I are granted in part and denied in part; as to Proposition V, the motions are denied in part, and a ruling on the remainder of the evidence challenged by the motions is reserved until the appropriate time at trial. The balance of Plaintiff's motion, in which the Intervenor joins, is moot.

CRST's motion seeks exclusion of ten categories of evidence. Plaintiff does not object to the exclusion of evidence identified in Propositions 2 and 7 of the motion. In addition, Plaintiff agrees with CRST's Proposition 6 to the extent it seeks exclusion of testimony by the OHP trooper regarding liability or fault, and Plaintiff also sought exclusion of such testimony in her motion. Accordingly, the motion is moot as to CRST's Propositions 2, 6, and 7.

In Proposition 1 of its motion, CRST seeks exclusion of a statement made by Mr. Gunn to a nurse after the accident. According to Plaintiff, the accident occurred at approximately 2:35 p.m., and Nurse Eccard arrived at the scene shortly before 3:00 p.m.; she communicated with Mr. Guinn until about 3:11 p.m. regarding, among other things, the facts and circumstances of the accident. CRST contends the statements as related by Nurse Eccard constitute inadmissible hearsay.

Plaintiff argues the statements are admissible pursuant to Fed. R. Evid. 803(1) as a spontaneous description of an event immediately after Mr. Guinn perceived it. The Court disagrees; the information provided by Plaintiff shows that the statement was not made "immediately thereafter," as required by the Rule; at least 25 minutes, if not more, elapsed from the time of the accident until the statement was made to Nurse Eccard. Accordingly, the statement does not satisfy the requirements of Fed. R. Evid.803(1).

Plaintiff also argues the statements constitute excited utterances admissible under Fed. R. Evid.803(2), which provides that a statement is not excluded as hearsay if it is a statement "relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition." Fed. R. Evid.803(2). To be admissible under the Rule, the proponent of

3

the statement must show that :1) it relates to a startling event; 2) it was made while the declarant was under the stress of the event's excitement; and 3) there is a nexus between the content of the statement and the event." *United States v . Smith*, 606 F. 3d 1270, 1279 (10th Cir. 2010).

The Court agrees the statements in question are admissible under this theory. The statements were made less than one hour after an accident resulting in serious injury, and when Mr. Guinn was under the stress of that event. The nature of his injuries makes it unlikely that he was concerned with making up a version of events upon reflection, as he was attempting to cope with life threatening injuries at that time, as well as responding to the requests and instructions of emergency medical personnel. That the statements at issue were in response to questions from Nurse Eccard does not affect their admissibility as excited utterances. *See e.g., United States v. Joy*, 192 F. 3d 761, 766-767 (7th Cir. 1999). Thus, the Court concludes the statements satisfy the requirements of Fed. R. Evid. 803(2), and are admissible on that basis.[1] CRST's motion is denied as to Proposition 1, subject to the presentation of sufficient foundation testimony.

In Proposition 3 of its motion, CRST seeks exclusion of evidence that the log books maintained by CRST's drivers, Quinton Moore and/or Pete Huerta, contained inaccuracies. CRST argues that evidence from the log books is irrelevant and inadmissible.

The Court concludes the log entries are admissions of a party opponent and further likely qualify as business records. Fed. R. Evid. 801(d)(2); 803(6). They are relevant, as the jury could infer from improperly completed forms that the drivers were either inattentive to their duties on the day in question, or poorly trained. The Court finds this evidence admissible; CRST's motion is denied as to Proposition 3, subject to sufficient foundation testimony.

---

[1] The Court disagrees with Plaintiff that the statements are also admissible under Fed. R. Evid. 803(3) as statements evincing state of mind, emotion, sensation, or physical condition.

4

CRST's motion next seeks exclusion of evidence regarding Pete Huerta's driving trainer status or the reasons he left the employ of CRST. The Court concludes that Huerta's employment records are relevant to show whether he was qualified to perform the duties of "lead driver" on the day of the accident. However, the evidence before the Court shows that conduct leading to his termination occurred two years after the accident. Evidence regarding the reasons he left the employ of CRST two years after this incident is not relevant to any issue in this lawsuit and is inadmissible. Accordingly, Proposition 4 of CRST's motion is granted in part and denied in part.

Proposition 5 of CRST's motion seeks exclusion of any reference to comments made by CRST's former employee, Thomas Hansen, and reported in an interview with Dan Rather of CBS television. CRST argues these statements, made two years after the accident at issue, are not relevant to the issues in the lawsuit. Plaintiff argues the statements are relevant and admissible.

It is not disputed that Hansen's statements were made after he resigned from CRST; thus, his statements cannot be attributed to CRST and constitute inadmissible hearsay. Plaintiff cites no hearsay exception that would allow their admission in this lawsuit. CRST's motion is granted as to Proposition 5, and Hansen's statements contained in the Dan Rather report will not be admitted at trial.

In Proposition 8, CRST seeks exclusion of evidence regarding exemplary or punitive damages. Whether such evidence will be admitted and, if so, at what time during the trial, will be determined by the Court at the appropriate time. The Court intends to apply the Oklahoma procedure regarding evidence and consideration of punitive damages by the jury. A ruling on these matters is reserved for the appropriate time at trial.

CRST's Proposition 9 seeks exclusion of evidence that Quinton Moore was not qualified or sufficiently skilled to drive the semi truck. The evidence before the Court shows that, at the time

of the accident, Mr. Moore had the appropriate minimum state certifications and licenses to allow him to operate the semi truck. Thus, there is no issue regarding his qualifications on that basis. Instead, Plaintiff appears to seek introduction of evidence designed to challenge his skill as a driver, and CRST's knowledge of his skill level. Evidence of this type is generally admissible in a negligence case; however, specific proffers of the evidence must be considered at the appropriate time during trial before the Court can determine its admissibility. Accordingly, a ruling is reserved on this evidence until trial.

In Proposition 10 of its motion, CRST seeks to exclude evidence that Pete Huerta, rather than Quinton Moore, was driving the truck at the time of the accident. The Court disagrees with CRST's contention. If there is any discrepancy in the evidence at trial regarding the identity of the driver, the jury must resolve that discrepancy. Thus, this is a matter left to the jury's determination. The motion is denied as to Proposition 10 of CRST's motion.

For the foregoing reasons, the motions in limine of Plaintiff [Doc. No. 107], the Intervenor [Doc. No. 117], and CRST [Doc. No. 119] are GRANTED in part, DENIED in part, and RESERVED in part until the appropriate time at the trial of this matter, all as set forth herein.

IT IS SO ORDERED this 14th day of March, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE