# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) |
| CRST VAN EXPEDITED, INC., | ) |
| Defendant, | )    NO. CIV-09-1198-D |
| and | ) |
| O. K. TRANSPORTATION INDUSTRIES, INC., | )<br>) |
| Intervenor Plaintiff, | ) |
| vs. | ) |
| CRST VAN EXPEDITED, INC., | ) |
| Defendant. | ) |

## O R D E R

Before the Court is the motion of Defendant CRST Van Expedited, Inc. ("CRST") to bifurcate this trial to adjudicate the liability and damages issues separately [Doc. No. 105]. Plaintiff objects to the request.

Plaintiff brought this action to recover damages resulting from the death of her husband, George Guinn, who died from injuries sustained in a traffic collision on Interstate Highway 40 in Oklahoma. Mr. Guinn was the driver of a semi-trailer truck which collided with a truck driven by a CRST employee. The parties agree that, as a result of the collision, Mr. Guinn sustained severe injuries which caused his death; however, CRST challenges Plaintiff's contention that its driver was

at fault and contends that Mr. Guinn caused the accident, or contributed to the accident. CRST contends that the evidence at trial will focus primarily on the issues related to liability. In contrast, CRST argues it will not dispute that Mr. Guinn's injuries caused him severe pain and suffering and ultimately led to his death. Although CRST apparently contests the amount of damages sought on behalf of Mr. Guinn and his widow and their children, it does not dispute that Plaintiff will be entitled to recover some damages if CRST's employee is found to have caused the collision.

In its motion to bifurcate, CRST does not request a separate trial on the issue of damages; instead, it asks the Court to bifurcate the presentation of evidence on liability and damages so that evidence of damages will not be presented until the jury reaches a verdict on liability.[1] Pursuant to Fed. R. Civ. P. 42(b), CRST argues two bases for severance: 1) a non-bifurcated presentation of the liability and damages phases will be prejudicial to CRST, and 2) judicial economy will be served by bifurcation.[2] Plaintiff contends that CRST has failed to present argument sufficient to warrant bifurcation on either basis.

"District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *United States ex rel. Bahrani*

---

[1] In a separate motion, CRST and Intervenor O.K. Transportation Industries, Inc. have agreed to bifurcate their respective property damage claims based on damage to the vehicles involved in the collision. The Court granted that motion by Order of February 23, 2011 [Doc. No. 162].

[2] As Plaintiff points out, some courts have listed factors which a trial court should weigh in determining whether bifurcation is proper. *See, e.g., Martin v. Bell Helicopter Co.*, 85 F. R. D. 654, 658 (D. Colo. 1980) (listing eleven factors, including prejudice and judicial economy, as factors to be considered). However, Rule 42(b) does not dictate the application of factors other than those specified in its text, and the Tenth Circuit has not adopted a required list of specific factors to be examined.

*v. ConAgra, Inc.,* 624 F. 3d 1275,1283 (10th Cir. 2010); *Anaeme v. Diagnostek, Inc*., 164 F. 3d 1275, 1285 (10th Cir. 1999),*cert. denied*, 528 U.S. 814 (1999). According to the Tenth Circuit:

> A court may order a separate trial of any claim or separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable. Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.

*Angelo v. Armstrong World Indus., Inc.,* 11 F. 3d 957, 964 (10th Cir. 1993); *see also Paul v. City of Altus*, 1998 WL 94606, at *3 (10th Cir Mar. 5, 1998) (unpublished opinion). The Tenth Circuit has held that discretion to bifurcate a trial is expressly granted by Rule 42 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). Any one of the bases set forth in the Rule may justify bifurcation. *See Saxion v. Titan-C-Mfg., Inc.*, 86 F. 3d 553 (6th Cir. 1996). "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42 advisory committee's note. Bifurcation pursuant to Rule 42 is governed by federal law in a diversity case; accordingly, a federal court may bifurcate issues for trial even if doing so is contrary to state law. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F. 3d 1431, 1435 (10th Cir. 1993). The party seeking bifurcation has the burden of demonstrating that it is warranted. *Patten v. Lederle Laboratories*, 676 F. Supp. 233, 238 (D. Utah 1987) (citing *McCrae v. Pittsburgh Corning Corp.*, 97 F. R. D. 490, 492 (E.D. Pa. 1983)).

Although CRST argues that bifurcation in this case would promote judicial economy, its primary contention is the claim that failure to bifurcate will be prejudicial to CRST. That contention is based on its acknowledgment that Mr. Guinn suffered very severe injuries in the accident; it is not disputed that he initially survived and was transported by helicopter to the hospital, and he died some time after his hospitalization. CRST anticipates that witnesses will testify Mr. Guinn suffered severe pain prior to his death. In addition, CRST notes that Plaintiff, who is his widow, will offer testimony regarding her grief, emotional distress, and financial loss resulting from his death. Mr. Guinn's two children will also testify regarding their own grief and their emotional and financial loss. Because such testimony is necessarily emotional, CRST contends it is likely to generate sympathy for Plaintiff and her children; CRST suggests it will be difficult for the jury to avoid being influenced by sympathy and emotion when it is evaluating the evidence related only to liability.

Plaintiff argues CRST has failed to identify evidence which would be unduly prejudicial to it, and contends that the general claim of prejudice is insufficient. Plaintiff argues that, if bifurcation is granted to avoid emotional testimony in a wrongful death case, the result would be that bifurcation would always be permitted in such cases. As Plaintiff notes, one court has held that such result is contrary to Rule 42(b). *Lis v. Robert Packer Hospital*, 579 F. 2d 819, 824 (3rd Cir. 1978), *cert. denied,* 439 U.S. 955 (1978). However, the Tenth Circuit has noted that denial of bifurcation in a negligence case on the grounds that damage is an essential element of a negligence claim could also have the "result of forbidding bifurcation whenever the plaintiff's claim is based on negligence." *Easton v. City of Boulder*, 776 F. 2d 1441, 1447 (10th Cir. 1985), *cert. denied,* 479 U.S. 816 (1986).

As Plaintiff concedes, bifurcation is not unusual in personal injury cases. In fact, in a decision cited by Plaintiff, the District Court of Colorado observed that "the most common example

4

of bifurcation occurs in the separate trial of the issues of liability and damages in personal injury actions." *Martin v. Bell Helicopter Co.*, 85 F. R. D. 654, 658-59 (D. Colo. 1980). Plaintiff is correct, however, that Rule 42 requires the Court to consider the specific circumstances of the case and determine if those circumstances warrant bifurcation. A defendant's speculative concerns regarding jury sympathy are insufficient to warrant bifurcation. *See, King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). Instead, CRST must identify "actual prejudice, present or potential, specific to this case." *Lis*, 579 F. 2d at 825.

The Court agrees with Plaintiff that CRST has not satisfied this burden. CRST has not offered sufficient argument to show that the prejudice it claims cannot be avoided by proper jury instructions. As Plaintiff argues, it is the practice of this Court to instruct a jury that it must not be influenced by sympathy or emotion. Furthermore, the Court expressly instructs the jury that it must consider the issues of liability and damages separately. The Court will also expressly instruct the jury that its decision regarding liability must be considered and reached before it may consider any evidence related to claimed damages. CRST points to no specific anticipated testimony or evidence that it believes will engender an emotional response rising to a level that would prevent jurors from adhering to the Court's instructions and the Court's admonition that they must evaluate the evidence without regard to emotion or sympathy. All trials involving serious injuries or death include testimony of family members, and such testimony is often highly emotional. CRST offers no persuasive argument that such evidence in this case is so prejudicial that it must not be presented until after liability is determined.

Nor does CRST offer persuasive argument that bifurcating these issues would be in the interest of judicial economy. There is, of course, the possibility that damages evidence will be moot

5

if the jury finds in favor of CRST on liability. However, that possibility exists in every case in which the right to damages is disputed. CRST offers no argument that this case is unique in that regard and no persuasive argument that bifurcation would promote judicial economy.

The Court concludes that, under the circumstances of this case, bifurcation of the liability and damages phases of the trial is not warranted. Accordingly, CRST's motion [Doc. No. 105] is DENIED.

IT IS SO ORDERED this 2nd day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE