# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn,

  Plaintiff,

vs.

CRST VAN EXPEDITED, INC.,

  Defendant,

and

O. K. TRANSPORTATION INDUSTRIES, INC.,

  Intervenor Plaintiff,

vs.

CRST VAN EXPEDITED, INC.,

  Defendant.

NO. CIV-09-1198-D

## O R D E R

  Before the Court is the Motion in Limine [Doc. No. 191] of Defendant; Plaintiff has filed an objection in response. Defendant's motion seeks to exclude at trial portions of the videotaped deposition of Randall Kopecky, Defendant's former Safety Director. Defendant also asks the Court to exclude at trial any testimony, argument of counsel, or reference to Defendant's "post-accident investigation and/or conduct." Defendant contends such information, reflected in specific portions of Mr. Kopecky's deposition, is not relevant to any issue for trial and is highly prejudicial to Defendant.

  In her response, Plaintiff states that, subsequent to the filing of Defendant's motion in limine,

the parties conferred and reached an agreement which renders moot Defendant's objection to a portion of Mr. Kopecky's deposition designation. However, the majority of the challenged designations remain at issue. The challenged deposition designations involve three broad categories: 1) the scope of the post-accident investigation conducted by Mr. Kopecky on behalf of Defendant; 2) the fact that Defendant's drivers, Peter Huerta and Quinton Moore, cannot be located by the parties; and 3) the fact that attorney Bob Mills initiated an investigation on behalf of Defendant or its insurer on the day following the accident.

Having reviewed the parties' submissions and exhibits, the Court concludes that the motion, with the specific exception set forth below, must be denied at this time. However, Defendant is granted leave to reassert its objections to the deposition designations at the appropriate time at trial when the Court can consider the challenged testimony in its proper context. To the extent the motion seeks a ruling regarding the investigation by Mr. Mills, such ruling is also reserved, except that Plaintiff will not be allowed to refer to any such investigation being performed on behalf of Defendant's insurer. The motion in limine [Doc. No. 191] is denied in part and granted in part as set forth herein.

IT IS SO ORDERED this 10th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE