# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PEGGY ANN GUINN, as Administrator of the Estate of George Robert Guinn,

    Plaintiff,

vs.

CRST VAN EXPEDITED, INC.,

    Defendant,

and

O. K. TRANSPORTATION INDUSTRIES, INC.,

    Intervenor Plaintiff,

vs.

CRST VAN EXPEDITED, INC.,

    Defendant.

NO. CIV-09-1198-D

## **O R D E R**

Before the Court is Plaintiff's objection to Defendant's designation for use at trial of portions of Glen Honeycutt's deposition. Plaintiff did not file a motion to exclude the designated testimony; instead, she argues in a counter-designation [Doc. No. 149] that Defendant should not be permitted to introduce portions of Mr. Honeycutt's deposition at trial. According to Plaintiff, the Court should not permit Defendant to do so because Mr. Honeycutt, who was designated as a testifying expert witness by Plaintiff, will not testify at trial on her behalf. Plaintiff argues that allowing Defendant to introduce his testimony is contrary to the expert witness provisions of Rule 26 of the Federal Rules of Civil Procedure; she also contends she will be prejudiced if he is allowed to testify on

behalf of Defendant. Alternatively, if Defendant is allowed to present Mr. Honeycutt's deposition testimony at trial, Plaintiff asks the Court to permit her to call Mr. Honeycutt as a trial witness.

In response, Defendant argues that Plaintiff listed Mr. Honeycutt as a testifying expert witness, he prepared an expert report as required by Rule 26, and Defendant took his deposition. Following the deposition, Defendant decided it did not need to retain an expert trucking industry witness because it concluded Mr. Honeycutt's testimony was adequate to cover the issues. Defendant represents that it concluded retaining its own expert on that same subject would be unnecessary and any additional testimony on the subject would be redundant. According to Defendant, Plaintiff's subsequent decision not to call Mr. Honeycutt as a witness at trial should not preclude Defendant from offering the designated portions of his deposition testimony.

Plaintiff does not dispute that she initially listed Mr. Honeycutt as an expert witness to testify at trial on the subject of the trucking industry, nor does she dispute that he prepared an expert report and was deposed pursuant to Rule 26 (b)(4)(A). In the initial Final Pretrial Report [Doc. No. 120] submitted by the parties on January 14, 2011, Plaintiff listed Mr. Honeycutt as a potential expert trial witness.[1] January 14 Final Pretrial Report, at p. 22. Defendant also listed Mr. Honeycutt as a witness. *Id.* at p. 24. The initial pretrial report was rejected by the Court for reasons unrelated to the testimony of expert witnesses; the parties submitted an Amended Final Pretrial Report [Doc. No. 153] on February 18, 2011, and Plaintiff again listed Mr. Honeycutt as an expert witness. Amended Final Pretrial Report at p. 23. Defendant also listed Mr. Honeycutt as an expert witness. *Id.* at p. 26. The Amended Final Pretrial Report also reflected Plaintiff's objection to the Defendant's calling

---

[1]Plaintiff stated in the Pretrial Report that he "may testify concerning the opinions set forth in his Rule 26 Expert Report produced on July 19, 2010." All descriptions of the testimony for Plaintiff's listed witnesses state that the witness "may" testify at trial.

2

Mr. Honeycutt as a witness, and referred to Plaintiff's counter-designation to Defendant's designation of Mr. Honeycutt's deposition testimony for use at trial. *Id.* at p. 26, n 8. The Court did not rule on the Amended Final Pretrial Report because motions in limine were pending at the time, and the Court directed the parties to again amend the report after the rulings on the motions in limine. On May 17, 2011, the parties submitted their Second Amended Final Pretrial Report [Doc. No. 179], and Plaintiff did not list Mr. Honeycutt as a witness; however, Defendant continued to list him. Second Amended Final Pretrial Report at p. 25. Defendant also noted Plaintiff's counter-designation objection to Defendant's use of Mr. Honeycutt's deposition at trial. *Id.* at n. 4.

The parties have now filed a Third Amended Pretrial Report [Doc. No. 199] at the Court's direction. Plaintiff does not list Mr. Honeycutt as an expert witness, and she reiterates her objection to Defendant's use of his testimony. Defendant lists him as an expert witness.

As Plaintiff correctly argues, Federal Rule of Civil Procedure 26(b)(4) "is silent as to how the court should treat the request by a party to use an adverse party's designated expert at trial after the adverse party withdraws that expert's designation." *Ferguson v. Michael Food, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999). In a decision cited by Plaintiff, *House v. Combined Ins. Company of America,* 168 F. R. D. 236 (N. D. Iowa 1996), the court held that the opposing party is not authorized to depose the adverse party's expert witness where that witness has been withdrawn prior to a scheduled deposition. *Id.* at 245. That decision does not, however, involve the circumstances present in this case. Mr. Honeycutt was not withdrawn as an expert until after his expert report was prepared, he had been listed in two proposed pretrial reports as a testifying expert witness on behalf of Plaintiff, and Defendant had taken his deposition.

As Defendant argues, courts addressing a party's attempted use of the opposing party's

3

expert witness have distinguished testifying experts from those who are retained only as consultants. Under Rule 26(b)(4)(D), consulting experts are not subject to discovery unless exceptional circumstances exist. Fed. R. Civ. P. 26(b)(4)(D)(ii). However, consideration of exceptional circumstances is inapplicable to a testifying expert because "whether the witness has been designated as an expert expected to testify at trial pursuant to Fed. R. Civ. P. 26 (b)(4)(A) is a very significant difference from the situation in which an expert has merely been consulted by a party, but never designated as likely to testify at trial." *House,* 168 F. R. D. at 245. Where an expert is designated to testify at trial, "the expert is recognized as presenting part of the common body of discoverable, and generally admissible information and testimony available to all parties." *Id.* In *House,* the court balanced the potential prejudice to the plaintiff in allowing the defendant to call a withdrawn testifying expert as a witness against the court's interest in receiving expert testimony necessary to achieve "an informed resolution of plaintiff's claim"; it also considered a party's reliance on the other party's expert trial witness designations and the expectation that designated experts will testify at trial. *House,* 16 F. R. D. at 247. Balancing those factors, the court concluded that, once a party designates an expert, "the party will have to live with the consequence that the opposing party will likely be given the opportunity to depose the expert or even to call the expert at trial on their own behalf." *Id.*

However, several decisions discussing the opposing party's use of the adverse party's expert testimony after the expert has been withdrawn have focused on the potential prejudice resulting from disclosure to the jury of the fact that the expert was first hired by one party and then called as a witness by the adverse party. *See, e.g., Ferguson*, 189 F. R. D. at 410 (citing *Peterson v. Willie*, 81 F. 3d 1033, 1037 (11th Cir. 1996)); *Rubel v. Eli Lilly & Co.,* 160 F. R. D. 458 (S. D. N. Y. 1995).

4

Although prejudice was a factor considered in *Peterson,* the Eleventh Circuit upheld the trial court's decision to permit a party to call the adverse party's expert as a witness where that expert was designated as a testifying witness. *Peterson*, 81 F. 3d at 1038. However, the Eleventh Circuit found the trial court erred in permitting the party to elicit testimony from the expert that he had initially been retained by the opposing party; it concluded that the error did not mandate reversal. *Id.* The *Peterson* court determined that whether to permit such testimony was a matter within the trial court's discretion and should be determined according to the specific circumstances presented. *Peterson*, 81 F. 3d at 1038.

In *Rubel*, the court refused to allow one party to call as a witness the opposing party's expert, absent a showing of need; the court cited the "explosive"prejudice that could result if the party elicited testimony that the expert had first been retained by the opposing party. *Rubel*, 160 F. R. D. at 460. The court also found, however, that the party seeking to use the expert's testimony had ample time to retain its own expert; it also determined the expert testimony at issue was cumulative of another expert witness's opinions. *Id.*

Although the parties do not cite, and the Court has not located, Tenth Circuit authority directly addressing the circumstances presented here, the Circuit has indicated the issue is within the trial court's discretion and should be determined according to the specific circumstances presented.
*Archer v. Grynberg*, 1991 WL 268808 (10th Cir. Dec. 12, 1991) (unpublished opinion). In *Archer*, a party sought to retain the opposing party's former expert witness, who had been retained as both a consulting and testifying witness. The opposing party sought a protective order to preclude the party from contacting the expert or calling him as a trial witness. The trial court granted the

5

protective order, and the Tenth Circuit affirmed that decision. In doing so, it noted the record reflected the expert witness had been involved in the preparation of trial strategy and, if retained or called as a witness by the opposing party, the expert might divulge that strategy. *Id.* at * 1. The Circuit further noted that the party seeking to retain and call the expert as a witness did not argue that his expertise was particularly unique or that it was unable to retain a different witness having similar expertise. *Id.* at *2. The Circuit found no abuse of the trial court's discretion in precluding use of the expert by the opposing party.

Applying these considerations to the circumstances presented with regard to Mr. Honeycutt, the Court notes that, unlike the party in *Archer*, Defendant in this case cannot retain an expert witness related to trucking industry matters without delaying the trial of this case. The deadline for designating expert witnesses expired prior to Plaintiff's listing of Mr. Honeycutt in the two proposed pretrial reports in January and February. It was not until the May 2011 second amended pretrial report was submitted that Plaintiff elected to omit Mr. Honeycutt as a trial witness. In the interim, Defendant decided not to retain its own expert and to utilize the testimony of Mr. Honeycutt. Accordingly, this is not a situation in which Defendant could have retained its own expert after it learned Plaintiff would not call Mr. Honeycutt to testify at trial.

Nor is this a situation in which Plaintiff could be prejudiced if Defendant elicits from Mr. Honeycutt testimony that he was originally retained by Plaintiff. His testimony is to be presented by the reading of portions of his deposition; there is no indication that such portions include a statement that Plaintiff initially retained him. In any event, any prejudice resulting to Plaintiff from that potential disclosure will not be an issue if Plaintiff is allowed to also call Mr. Honeycutt at trial.

Having considered the specific circumstances presented here, the Court concludes that

6

Defendant will be permitted to utilize the designated deposition testimony of Mr. Honeycutt at the trial of this matter. Accordingly, Plaintiff's objection to the use of that testimony is overruled. However, Plaintiff's request to call Mr. Honeycutt as a live witness is granted.

IT IS SO ORDERED this 10th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE